Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 856 | **DATE** | 2/4/2004 |
| **CASE TITLE** | The Gourmet Center, Inc. vs. Sage Enterprises, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum. Because of the belt-and-suspenders nature of the jurisdictional allegations, no curative filing by Gourmet Center's counsel will be required unless and until some serious question may be raised by defendants as to federal-question jurisdiction.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 5 - 2004 date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 2 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 2/4/2004 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE GOURMET CENTER, INC., )
)
        Plaintiff, )
)
v. ) No. 04 C 856
)
SAGE ENTERPRISES, INC., et al., )
)
        Defendants. )

DOCKETED
FEB 5 - 2004

## MEMORANDUM

The Gourmet Center, Inc. ("Gourmet Center") has just filed a 13-count Complaint against Sage Enterprises, Inc. ("Sage") and LaSalle Business Credit, LLC ("LaSalle"), invoking federal subject matter jurisdiction on both federal-question and diversity-of-citizenship grounds. That second claimed jurisdictional basis is flawed, because unlike the Complaint's proper citizenship allegations as to Gourmet Center (Complaint ¶1) and Sage (Complaint ¶2), its allegation as to LaSalle is defective for the reason repeatedly stated (with increasing impatience) by our Court of Appeals beginning with Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and continuing through the most recent articulation in Belleville Catering Co. v. Champaign Marketplace, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003).

Because of the belt-and-suspenders nature of the jurisdictional allegations, no curative filing by Gourmet Center's counsel will be required unless and until some serious

question may be raised by defendants as to federal-question jurisdiction. But this sua sponte memorandum is clearly called for in any event because regular practitioners in the federal courts, such as the two law firms representing Gourmet Center,[1] really ought to be aware of something so fundamental.

                                 /s/ Milton I. Shadur
                                 Milton I. Shadur
                                 Senior United States District Judge

Date: February 4, 2004

---

[1] Though one of those law firms is California-based, the jurisdictional principles stated by our Court of Appeals (and some others) as to the citizenship of limited liability companies (just like all other unincorporated entities) are universally applicable.